# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

MARQUIS B. WEST,

    Plaintiff,

v.

SAM OLENS, ET AL.,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-38

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed a cause of action pursuant to Federal Rule of Civil Procedure 60(d)(3).[1] (Doc. 1.) Contemporaneously with his cause of action, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) Plaintiff also filed Motions for Temporary Restraining Order, (docs. 3, 4), and a Motion for Judicial Notice of Adjudicated Facts, (doc. 7.) For the reasons which follow, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* is **DENIED**. In addition, I **RECOMMEND** the Court **DISMISS** Plaintiff's cause of action, **DISMISS** as moot Plaintiff's Motion for Judicial Notice of Adjudicated Facts, **DENY** Plaintiff's Motions for Temporary Restraining Order, and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

Plaintiff filed his cause of action on March 30, 2016. In his opening pleading, Plaintiff contends that certain named Defendants, who are or were attorneys who represented prison officials in 42 U.S.C. § 1983 actions, perpetrated a fraud upon the Court in several of Plaintiff's

---

[1] This cause of action was filed as being brought pursuant to 42 U.S.C. § 1983.

previously-filed causes of action. By way of example, Plaintiff asserts that, in West v. Higgins, Case Number 6:06-cv-83, he alleged certain prison officials retaliated against him by lowering his mental health level, in violation of policy and as an act of deliberate indifference. Plaintiff contends that members of the State Attorney General's Office, who are named Defendants, presented their clients as expert witnesses. (Doc. 1, pp. 15–18.) Plaintiff also asserts that United States Magistrate Judge James Graham and former United States District Judge B. Avant Edenfield, both of whom Plaintiff names as Defendants, "failed to perform their required duties of validating the relevance and reliability of the proffered expert witness testimony." (Id. at p. 22.) Plaintiff names as Defendants the former and current State Attorney Generals, Assistant State Attorney Generals, two United States Magistrate Judges, a former District Court Judge, the Judges of the Eleventh Circuit Court of Appeals, and the Justices of the United States Supreme Court.

**DISCUSSION**

**I.    Whether Plaintiff can Proceed Pursuant to Rule 60(d)(3)**

Rule 60(b) provides relief from a final judgment or order on several grounds, including fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). A Rule 60(b)(3) motion must be made within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). However, Rule 60(d)(3) allows for relief from a final judgment that is more than one year old if the movant can show "fraud on the court." Fed. R. Civ. P. 60(d)(3). "Where relief from a judgment is sought due to fraud on the court, the fraud must be established by clear and convincing evidence." Gupta v. Walt Disney World Co., 482 F. App'x 458, 459 (11th Cir. 2012) (citing Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987)). "'[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a

party in which an attorney is implicated, will constitute a fraud on the court.'" Id. (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)). "Stated differently, the movant must show an "unconscionable plan or scheme" to improperly influence the court's decision." Id. "Fraud between parties does not constitute fraud on the court, as it does not carry the same threat of public injury." Id. (citing S.E.C. v. ESM Group, Inc., 835 F.2d 270, 273 (11th Cir. 1988)).

Plaintiff's cause of action is another in a long line of cases Plaintiff has filed with this Court. As Plaintiff is aware, he is subject to the "three strikes" provision, found at 28 U.S.C. § 1915(g). See R. & R., West v. Magruder, 6:14-cv-55, (S.D. Ga. July 1, 2014), ECF No. 6. That statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This cause of action appears to be an attempt by Plaintiff to circumvent the provisions of Section 1915(g). However, Plaintiff's Complaint fails to reveal that his claims fall within the imminent danger exception to Section 1915(g).

Even if this cause of action were not an attempt to circumvent Section 1915(g), Plaintiff is not entitled to his requested relief. Plaintiff fails to show with clear and convincing evidence that a fraud was perpetrated on the Court, and thus, he cannot state a plausible Rule 60(d)(3) claim. While Plaintiff points to numerous filings in this Court and in the Eleventh Circuit which he believes show the fraud certain Defendants have committed upon this Court and the Eleventh Circuit, Plaintiff fails to show that any court was influenced—improperly or otherwise—by

3

anything these Defendants may have filed. Accordingly, the Court should **DISMISS** Plaintiff's cause of action.

**II.     Motions for Temporary Restraining Order**

To be entitled to preliminary injunctive relief, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to an injunction. Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims, as discussed in the preceding Section of this Report, or that injunctive relief is necessary to prevent irreparable injury. The Court should **DENY** Plaintiff's Motions.

**III.    Leave to Appeal *In Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis.* Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]") (italics supplied). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the

4

notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the claims Plaintiff sets forth in his Complaint, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

## CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's cause of action. I also **RECOMMEND** that the Court **DENY** Plaintiff's Motions for Temporary Restraining Order, **DISMISS** as moot Plaintiff's Motion to Take Judicial Notice of Adjudicated Facts, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal. The Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6