# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

```
MARQUIS B. WEST,              *
                              *
       Plaintiff,             *
                              *
v.                            *     CV 616-038
                              *
SAM OLENS, et al.,            *
                              *
       Defendants.            *
```

# O R D E R

Pending before the Court are Plaintiff's *pro se* motion to alter or amend judgment and motion for recusal (doc. 16). For the reasons set forth below, these motions are **DENIED**.

## I. BACKGROUND

Plaintiff is a state prisoner confined at Georgia State Prison in Reidsville, Georgia. Plaintiff, proceeding *pro se*, brought suit against Defendants on March 30, 2016. Plaintiff styled his complaint as an "Independent Action Pursuant to Fed. R. Civ. P. 60(d)(3)." (Doc. 1.) Contemporaneously with the institution of this case, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (doc. 2), Motions for Temporary Restraining Order (docs. 3, 4), and a Motion for Judicial Notice of Adjudicated Facts (doc. 7).

On May 16, 2016, the United States Magistrate Judge recommended that Plaintiff's suit be dismissed. (Doc. 12.) The

Magistrate Judge found that Plaintiff's action appeared to be an attempt to circumvent the three strikes provision of the Prison Litigation Reform Act (28 U.S.C. § 1915(g)),[1] and that even if Plaintiff's action did not fall under the purview of said three strikes provision, Plaintiff failed to state a plausible Rule 60(d)(3) claim. (Id. at 2-4.) The Magistrate Judge also recommended that Plaintiff's motions for temporary restraining order be denied as he had not shown a likelihood of success on the merits or that injunctive relief was necessary to prevent irreparable injury. (Id. at 4.) The Magistrate Judge also denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, and preemptively recommended that Plaintiff be denied leave to appeal *in forma pauperis* should he request the same. (Id. at 4-5.)

After conducting an independent and *de novo* review of the entire record, this Court overruled Plaintiff's objections[2] and adopted the Magistrate Judge's Report and Recommendation as its

---

[1] The Magistrate Judge found that Plaintiff had previously filed at least three civil actions or appeals under Section 1915 that had been dismissed for being frivolous or for failing to state a claim. See, e.g., West v. Magruder, No. 6:14-CV-055 (S.D. Ga. Sept. 25, 2014) (dismissed for failure to prepay filing fee under three strikes provision of PLRA); West v. Ga. Dep't of Corr., No. 1:08-CV-382 (N.D. Ga. Mar. 7, 2008) (dismissed for failure to exhaust administrative remedies); West v. Higgins, No. 6:06-CV-83 (S.D. Ga. June 30, 2008) (appeal dismissed as frivolous); and West v. Warnock, No. 6:05-CV-47 (S.D. Ga Aug. 17, 2006) (appeal dismissed as frivolous). (Doc. 12, at 3.) The Magistrate Judge also found that Plaintiff could not claim the "imminent danger" exception to the filing fee requirement because he was not in imminent danger at the time he filed suit in this Court. (Id.)

[2] Plaintiff astutely points out a scrivener's error in the Court's Order misidentifying Plaintiff's objections to the Magistrate Judge's Report and Recommendation as being docketed at Document 5 (as opposed to Document 13). (Doc. 16, at 3-4.)

own opinion on August 1, 2016. (Doc. 14.) The Court dismissed Plaintiff's Complaint, denied Plaintiff's Motions for Temporary Restraining Order, dismissed as moot Plaintiff's Motion for Judicial Notice of Adjudicated Facts, and preemptively denied Plaintiff leave to proceed *in forma pauperis* on appeal, and closed the case. (Id.)

Plaintiff now moves to alter or amend the Court's Order pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 16.) Plaintiff also requests that the judges presently assigned to this case recuse themselves because "[t]heir rulings [. . .] show malicious bias and prejudice against [Plaintiff] as a *pro se* inmate litigator." (Id.)

## II. Motion to Alter or Amend Judgment

A party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. FED. R. CIV. P. 59(e). Because reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly, a movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Bostic v. Astrue, No. 1:12-CV-082, 2012 WL 3113942, at *1 (S.D. Ga. July 31, 2012). A Rule 59(e) motion may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," as "the only grounds for granting a Rule 59(e) motion

3

are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations omitted). "Rule 59(e) is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Bostic, 2012 WL 3113942, at *1 (quoting Wendy's Int'l v. Nu-Cape Const., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996)).

Here, Plaintiff has failed to demonstrate newly discovered evidence or manifest errors of law or fact that would justify a finding that the Court should amend or alter its prior Order. Plaintiff does not dispute that he has brought at least three cases that were dismissed as frivolous, malicious, or failing to state a claim. He has presented no additional evidence that he was in imminent danger at the time he filed his complaint so as to justify the waiver of prepayment of his filing fee. See 28 U.S.C. § 1915(g); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."). Nor has he presented any additional evidence sufficient to state a plausible Rule 60(d)(3) claims, let alone evidence sufficient to entitle him to preliminary injunctive relief thereon. See Booker v. Dugger, 825 F.2d 281, 283-84 (11th Cir. 1987) ("Where relief from a

judgment is sought for fraud on the court, the fraud must be established by clear and convincing evidence. Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." (quotations omitted)); Horton v. City of St. Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001) ("[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to all four elements" including a demonstration that the movant has a substantial likelihood of success on the merits. (quotations omitted)).

Rather, Plaintiff uses his Rule 59(e) motion to rehash his previously rejected arguments, refute the Court's reasoning, and blame the Court for allegedly failing to liberally construe his *pro se* pleadings. Both the Magistrate Judge and this Court have already heard, thoroughly considered, and rejected the very complaints that Plaintiff now raises. Because these complaints do not present newly-discovered evidence that would support a finding of imminent danger or fraud on the court or otherwise demonstrate clear error or manifest injustice in this Court's August 1, 2016 Order, the Court finds neither a factual or legal basis for altering or amending its decision in this case.

5

### III. Motion for Recusal

Within the body of his Motion to Alter or Amend Judgment, Plaintiff includes a request that the judges assigned to this case recuse themselves. (Doc. 16, at 7.) This request has been construed as a formal motion for recusal.

Recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012). Under Section 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). Under Section 455(a), a judge must disqualify himself if "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir.1989).

With regard to recusal under Section 144, Plaintiff has not satisfied the relevant procedural requirements. See 28 U.S.C. § 144. Even ignoring the procedural deficiency, Plaintiff's unsworn declaration is insufficient as it does not sufficiently allege judicial bias against Plaintiff, but rather is simply a recitation of Plaintiff's disagreement with the assigned judges' rulings. See Jones, 459 F. App'x at 811 (11th Cir. 2012). "Such judicial rulings cannot serve as the basis for recusal or cast doubts on impartiality unless [Plaintiff] establishes pervasive bias and prejudice." Id.; see also United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.")

Similarly, recusal under Section 455 is not warranted because, as previously stated, Plaintiff bases his motion for recusal on his disagreement with the judges' prior rulings in this case. Disqualification "may not be predicated on the judge's rulings in the instant case or in related cases." Deems v. C.I.R., 426 F. App'x. 839, 843 (11th Cir. 2011) (citing Phillips v. Joint Legis. Comm. on Performance and Expenditure Review of the State of Miss., 637 F.2d 1014, 1020 (5th Cir.1981)). "Neither a trial judge's comments on lack of

7

evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." <u>Hamm v. Members of Bd. of Regents of State of Fla.</u>, 708 F.2d 647, 651 (11th Cir. 1983) (citations omitted).

Because Plaintiff has not put forth any evidence raising reasonable doubts as to the assigned judges' impartiality, recusal is not warranted in this case.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion to alter or amend judgment and motion for recusal (doc. 16) are **DENIED**.

Plaintiff has also filed a new Motion for Temporary Restraining Order regarding alleged retaliation taken against Plaintiff by members of the Georgia Department of Corrections. However, this motion was filed after the Court dismissed Plaintiff's claims and closed the case. Further, as set forth above, the Court has denied Plaintiff's motion to alter or amend its Order disposing of Plaintiff's claims. Accordingly, Plaintiff's pending Motion for Temporary Restraining Order (doc. 17) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of August, 2016.

> HONORABLE J. RANDAL HALL
> UNITED STATES DISTRICT JUDGE
> SOUTHERN DISTRICT OF GEORGIA