# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

MARQUIS B. WEST,

    Plaintiff,

v.                              CV 616-038

SAM OLENS, *et al.*,

    Defendants.

## O R D E R

Pending before the Court is Plaintiff's *pro se* Motion Requesting Recusal. (Doc. 1.) After careful consideration, the Court **DENIES** Plaintiff's motion.

Plaintiff is a state prisoner confined at Georgia State Prison in Reidsville, Georgia. Plaintiff, proceeding *pro se*, brought suit against Defendants on March 30, 2016. On May 16, 2016, the United States Magistrate Judge, *inter alia*, recommended that Plaintiff's suit be dismissed. (Doc. 12.) After conducting an independent and *de novo* review of the entire record, this Court overruled Plaintiff's objections[1] and adopted the Magistrate Judge's Report and Recommendation as its own opinion on August 1, 2016, thereby dismissing Plaintiff's Complaint. (Doc. 14.)

---

[1] Plaintiff again points out a scrivener's error in the Court's Order misidentifying Plaintiff's objections to the Magistrate Judge's Report and Recommendation as being docketed at Document 5 (as opposed to Document 13). (Doc. 19, at 6.)

On August 25, 2016, Plaintiff moved pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the Court's Order dated August 1, 2016. (Doc. 16.) Plaintiff also requested therein that the judges presently assigned to this case recuse themselves because "[t]heir rulings [. . .] show malicious bias and prejudice against [Plaintiff] as a *pro se* inmate litigator." (Id.) On August 29, 2016, the Court denied Plaintiff's motion to alter or amend the Court's Order as well as his request that the assigned judges recuse themselves. (Doc. 18.) On September 9, 2016, Plaintiff again requested that the assigned judges recuse themselves as they allegedly "display a deep seated favoritism or antagonism that would make fair judgment impossible."[2] (Doc. 19, at 1.)

As set forth in the Court's Order dated August 29, 2016, recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012). As with his prior request, Plaintiff has failed in his instant motion to satisfy the relevant procedural requirements of Section 144. See 28 U.S.C. § 144. Even ignoring the procedural deficiency, Plaintiff's unsworn declaration is again insufficient as it does not sufficiently allege judicial bias against Plaintiff, but rather is simply a

---

[2] Given the short timeframe between the entry of the Court's Order dated August 29, 2016 denying Plaintiff's initial request for recusal and Plaintiff's filing of his latest motion for recusal, it appears likely to the Court that Plaintiff had not received the former prior to Plaintiff's filing of the latter.

2

recitation of Plaintiff's previously-aired disagreements with the assigned judges' rulings. See Jones, 459 F. App'x at 811. "Such judicial rulings cannot serve as the basis for recusal or cast doubts on impartiality unless [Plaintiff] establishes pervasive bias and prejudice." Id.; see also United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.") Similarly, recusal under Section 455 is not warranted because, again, Plaintiff bases his motion for recusal on his disagreement with the judges' prior rulings in this case. See Deems v. C.I.R., 426 F. App'x. 839, 843 (11th Cir. 2011) (Disqualification "may not be predicated on the judge's rulings in the instant case or in related cases." (citations omitted)); Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) ("Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." (citations omitted)). Plaintiff has not put forth any new argument or evidence in his motion, let alone any evidence raising a reasonable doubt as to the assigned judges' impartiality. Accordingly, recusal is not warranted in this case.

Based on the foregoing, Plaintiff's Motion Requesting Recusal (doc. 19) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of September, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4